Case 2:09-bk-50969 Doc 52 Filed 07/21/15 Entered 07/21/15 15:19:21 Desc
Page 1 of 5

Page: 1

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No: | 09-50969 | CMC | Judge: | Charles M. Caldwell | Trustee Name: | Amy L. Bostic |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Fred E. Rhinebolt, Jr. | | | | Date Filed (f) or Converted (c): | 02/03/2009 (f) |
| | Yvonne Rhinebolt | | | | 341(a) Meeting Date: | 03/16/2009 |
| For Period Ending: | 06/30/2015 | | | | Claims Bar Date: | 01/02/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined by<br>Trustee, Less Liens,<br>Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| 1. LAND 5689 TOWNSHIP ROAD 213 MARANGO, OHIO 43334 MOBILE HOME | 0.00 | 0.00 | | 0.00 | FA |
| 2. CASH ON HAND | 12.00 | 0.00 | | 0.00 | FA |
| 3. DELAWARE COUNTY BANK CHECKING ACCOUNT | 20.00 | 0.00 | | 0.00 | FA |
| 4. HOUSEHOLD GOODS AND FURNISHINGS | 1,500.00 | 0.00 | | 0.00 | FA |
| 5. CLOTHING AND WEARING APPAREL | 400.00 | 0.00 | | 0.00 | FA |
| 6. JEWELRY | 1,000.00 | 0.00 | | 0.00 | FA |
| 7. 2008 TAX REFUND | 834.00 | 0.00 | | 0.00 | FA |
| 8. ESTATE OF: FRED RHINEBOLT, SR. | Unknown | 1.00 | | 0.00 | 1.00 |
| 9. ESTATE OF: SHIRLEY LOUISE RHINEBOLT | Unknown | 1.00 | | 0.00 | 1.00 |
| 10. 1999 DODGE RAM VAN | 2,000.00 | 0.00 | | 0.00 | FA |
| 11. 1989 MERCURY VEHICLE | 500.00 | 0.00 | | 0.00 | FA |
| 12. UNITED SECURITY ASSURANCE COMPANY | 50,000.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $56,266.00 | $2.00 | | $0.00 | $2.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

06/11/15: Made offer to the 2 heirs for their proposed purchase of estate's interest in the 2 parcels of real estate (DECKER)
06/08/15: Two of the 14 heirs have indicated interest in purchasing estate's interest in 2 parcels of real estate. (DECKER)
03/05/15: Counsel for Trustee has drafted letter to the 14 heirs re: interest in purchasing 1/14 interests of Fred Jr. in 2 parcels of real estate. (DECKER)
02/02/14: Common Pleas Court has approved the certificates of transfer. These must now be filed with the Recorder's Office. Then counsel will file the final accounting in Fred's estate and after approval of same the assets will be transferred from Shirley's estate to the heirs. (DECKER)
12/05/14: Probate counsel has filed application for certificate of transfer with Morrow County Common Pleas Court in order to transfer the real estate in Fred's estate to Shirley's estate. (DECKER)
11/27/14: Following up with probate counsel re: completion of title exams and request that probate counsel ask the Court to order the real estate sold rather than deeded to 14 heirs. Research probate court docket (DECKER)

09/29/14: Probate counsel advises that title exams are ready to submit; also amended inventory must be done as well as accounting. Update for 30 days. (DECKER)
08/28/14: Probate counsel advises that title examinations are almost done. Counsel will likely ask Court to conduct a hearing re: disposition of assets. (DECKER)
07/28/14: Probate counsel advises that real estate parcels are in the process of title examinations and assets may soon be ready to transfer to Shirley's estate, with distribution to heirs to be made from Shirley's probate estate. E-mailed probate counsel with reminder that distribution of portion due to Fred Jr. must be remitted to bankruptcy estate and seeking information on 13 other heirs who may wish to purchase Debtor's 1/4 interest. (DECKER)
06/30/14: Assets must be transferred from Fred's estate to Shirley's estate. One sibling resides in the Marengo property; Another property in Monroe County is vacant and there is interest in mineral rights thereon. (DECKER)
05/19/14: Hearing on probate attorney fees and funeral expenses is scheduled for 6/25/14; Real estate will be transferred to 14 heirs as they cannot agree on disposition. (DECKER)
04/16/14: Probate counsel has submitted amended first accounting. Awaiting ruling on motion for fees and expenses. (DECKER)
03/17/14  Probate counsel must submit an amended first accounting. (DECKER)
02/13/14: Probate counsel advises that he filed an accounting for Fred's estate approximately 4 months ago as well as a motion for fees and expenses and reimbursement for funeral expenses, which needs a ruling. Counsel intends to go to Court to attempt to move the matter along. Counsel anticipates that there will be distribution to heirs from 2 pieces of real estate. (DECKER)
01/30/14: Probate counsel is still in the process of transferring Fred Rhinebolt's estate to Shirley Rhinebolt's estate. Need approval to transfer the assets  and a hearing date (DECKER)
09/17/13: Email to counsel for status of accounts.  SUE CHAFIN
08/06/13: Letter from probate counsel. They plan on transferring the Frederick Rhinebolt estate to the Shirley Rhinebolt estate within the next week and filing a fiduciary account in the Frederick Rhinebolt estate. Then, within a month, they plan on filing a fiduciary account for the Shirley Rhinebolt estate. Email to counsel requesting copies of both fiduciary accounts. File updated one month.  SUE CHAFIN
07/26/13:  Second email to counsel for status.  SUE CHAFIN
07/15/13:  Email to counsel for status and copy of final account.  SUE CHAFIN
03/15/13:  Letter from probate counsel--they are in the process of finalizing the final account for the probate estates. Once they have been approved by the court, they will look at distributions. File updated four months.   SUE CHAFIN
03/07/13:  Second email to probate counsel for status of cases.   SUE CHAFIN
02/12/13:  Email to probate counsel for status of cases.   SUE CHAFIN
01/04/13:  Email to probate counsel for court approved documents and status/timeline for final distribution. Email from counsel advising that the Probate Court has not yet approved the partial account. They will send documents once approved.  SUE CHAFIN
10/29/12:  Email from probate counsel advising that account has been sent to court for approval and suggesting we update our file for two months.   SUE CHAFIN
10/04/12:  Letter to probate counsel for update.   SUE CHAFIN
09/27/12:  Notice of assets.  SUE CHAFIN
5/24/12:  Status update from probate counsel that it is his intent to distribute funds in 3 months.  Trustee will continue to monitor.
04/30/12:  Letter to probate attorney for written status report.   SUE CHAFIN
01/09/12 Call to probate counsel's office.  They are aware of the bankruptcy estate and the fact that the Trustee is the beneficiary.  According to them, the 14 heirs are still arguing and the court has suggested that he transfer the real estate to the 14 heirs and let them fight it out so the probate estates can be closed.  Nothing has been paid out (there is approximately $100,000 in bank accounts).  It is counsel's intention to submit the final account to the court within the next few months.  Update file to call counsel in two months.   SUE CHAFIN
October 2011:  Per probate counsel, auction held 9/24/11, awaiting results from auctioneer in order to file report with probate court by 10/24/11  (TSOMA3)
September 2011:  Email to probate counsel to check status and/or results of auction. (TSOMA3)
June 2011:   probate counsel advised property in probate estate to be auctioned within the next  30 to 60 days.  Trustee to follow up beginning of October 2011 to check status.  (TSOMA3)
May 2011:   emails sent to probate attorney 5/16/11 and 5/31/11 requesting status of probate cases.  (TSOMA3)
March 2011:  Probate counsel advises distribution still not made in either probate estate.  There are 14 heirs who do not agree.  It may be necessary for him to file a motion requesting a hearing for the court to decide how distribution to be made, as heirs cannot agree on how to handle two parcels of real property.  Counsel will keep Trustee advised and Trustee placed file on follow up for 30 days.  (TSOMA3)  03/02/11
January 2011:  Email to probate attorney inquiring as to whether any distributions can be expected from either probate estate and directing that any distribution to debtor be sent to Trustee (TSOMA3) 01/31/11
October 2010:  Probate attorney advised Trustee that probate estates opened for Frederick and Shirley Rhinebolt in Morrow County, Ohio.  Trustee to follow up with probate attorney with respect to any potential distributions to heirs.  (TSOMA3)
September 2010:  Trustee has sent an email to probate attorney requesting a status report on administration of probate estates of the parents of Fred Rhinebolt, Jr. Attorney indicates that there is still a possibility of recovery, but because of the size of the probate estates and number of heirs, it is taking time to progress through Court.(TSOMA)
July 2010 Trustee requested information regarding status of probate estates.
April 2010: Trustee has been in communiation with probate attorney of the estates of  the parents of Fred Rhinebolt Jr.  Attorney states he is working on a report of assets and debts to be filed with the probate court. There are fourteen children of the deceased (whom do not get along) and the attorney is still gathering information. They have sent out letters to all banks in the area as the parents had several banks with money here and there. It appears at this time that the assets will outweigh debtor at around $150,000 to $200,000. This will take a little more time to wrap up; however, split between fourteen children could provide a recovery of $10,000 to $15,000. Trustee continues to monitor the probate estates of the parents of Frederick Rhinebolt, Jr. (PJOHNSON)
March 2010: No response from probate estate attorney as to status; sent follow up correspondence requesting response (PJOHNSON)
January 2010: Trustee sent email correspondence to Randall Fuller requesting an update on the status of the probate estates (PJOHNSON)
December 2009: Randall Fuller, probate estate attorney responded stating that he filed an application to be appointed as executor of Fred and Shirley Rhinebolt's estates and the Court had not yet signed letters of authority to date. Trustee continues to monitor same. (PJOHNSON)
November 2009: Trustee has sent correspondence to counsel requesting status update on probate of debtors parents (PJOHNSON)
August 2009: Correspondence from counsel handling probate stating has not yet filed. Trustee to continue monitoring estates of parents  (PJOHNSON)
July 2009: Correspondence sent to probate attorney for status update; receipt of correspondence from probate attorney stating no probate filed as yet, but intend to file by end of September. Also states that assets do outweigh debts, but there are 14 children to be divided between (PJOHNSON)
June 2009:  The Trustee will investigate the potential value of two probate estates for possible liquidation on behalf of the bankruptcy estate.  (SCHAFIN) 06/03/09  06/12/09 - Trustee signed & returned abandon re 5689 Township Rd. 213, Marengo, OH  (TSOMA)    3/16/09 - counsel left vmail Sunday 3/15/09 indicating debtors had death in family and would not be appearing on Monday

Case 2:09-bk-50969  Doc 52  Filed 07/21/15  Entered 07/21/15 15:19:21  Desc Page 3 of 5

3/16/09. Apologized for short notice, but had just received word herself. (TSOMA)
May 2009: Hearing continued for real estate documents, car title, life insurance policy and beneficiary pages and statement of intent. 2 probate estates .that are at issue and still need more information on the attorney--Randy Fuller in Delaware. (ABOSTIC) 05/15/09
APRIL 2009: Debtors need to clarify issues on real estate, amend schedule B and other deficiencies in the papers. HEARING MUST GO FORWARD (ABOSTIC) 04/14/09


RE PROP #          8    --    May combine estates.

Initial Projected Date of Final Report (TFR): 05/26/2010          Current Projected Date of Final Report (TFR): 10/30/2015

Trustee Signature:      /s/ Amy L. Bostic      Date: 07/06/2015
                        Amy L. Bostic
                        50 West Broad Street, Suite 1200
                        Columbus, OH  43215
                        (614) 221-7663

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No: 09-50969 | Trustee Name: | Amy L. Bostic |
| Case Name: Fred E. Rhinebolt, Jr. | Bank Name: | |
| Yvonne Rhinebolt | Account Number/CD#: | |
| Taxpayer ID No: | Blanket Bond (per case limit): | $2,000,000.00 |
| For Period Ending: 06/30/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| | | No Bank Accounts | | | | | |

| | | |
|---|---|---|
| COLUMN TOTALS | $0.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

Page Subtotals:                     $0.00          $0.00

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| - | $0.00 | $0.00 | $0.00 |
|  | $0.00 | $0.00 | $0.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $0.00 |
| Total Gross Receipts: | $0.00 |

Trustee Signature:    /s/ Amy L. Bostic    Date: 07/06/2015

Amy L. Bostic
50 West Broad Street, Suite 1200
Columbus, OH  43215
(614) 221-7663

Page Subtotals:    $0.00    $0.00